ORIGINAL

jasonsalasple

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 02 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00033 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| JASON MICHAEL SALAS, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A), the United States and the defendant, JASON MICHAEL SALAS, enter into the following plea agreement:

1. The defendant, JASON MICHAEL SALAS, agrees to plead guilty to Count I of the Indictment charging him Within Special Maritime and Territorial Jurisdiction, in violation of Title 18, United States Code, Section 661, and Count III of the Indictment charging him with Criminal Mischief, in violation of Title 9, Guam Code Annotated, Section 34.50(d) and Title 18, United States Code, Sections 2, 7(3) and 13. Counts II, IV and V of the Indictment will be dismissed upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Count I of the Indictment, Within Special Maritime and Territorial Jurisdiction, in violation of 18 U.S.C. § 661, as a Class D felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than five years and a maximum fine of $250,000.00 as specified in 18 U.S.C. § 3571, together with any restitution as

the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3).

If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that the <u>maximum</u> sentence for Count III of the Indictment, Criminal Mischief, in violation of 9 G.C.A. § 34.50(d), as a third degree felony as set forth in 9 G.C.A. § 34.60, is imprisonment for not more than five (5) years. The maximum fine, together with restitution, for a third degree felony may not exceed five thousand dollars ($5,000.00), as set forth in 9 G.C.A. § 80.50. The defendant is also required to pay a $100 special assessment fee as set forth in 18 U.S.C. § 3013. The $100 special assessment fee must be paid upon sentencing. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3).

If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt

4. The defendant understands that to establish a violation of Within Special Maritime And Territorial Jurisdiction, in violation of 18 United States Code, Section 661, the government must prove each of the following elements beyond a reasonable doubt:

- 2 -

Case 1:07-cr-00033   Document 22   Filed 07/02/2007   Page 2 of 5

First, that within a place of special maritime and territorial jurisdiction of the United States,

Second, the defendant did take and carry away, with intent to steal and purloin, the personal property of another,

Third, the value of the property was more than $1000, and

Fourth, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

5. The defendant understands that to establish a violation of Criminal Mischief, in violation of Title 9 Guam Code Annotated, Section 34.50(d), as assimilated by Title 18 United States Code, Sections 7(3) & 13, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did intentionally damage the motor vehicle of another, and

Second, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

6. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1985, and is a citizen of the United States.

b. That on or about 29 October 2006, in the District of Guam, the defendant, JASON MICHAEL SALAS, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did, take and carry, with intent to steal and purloin, the personal property of another, namely a ported speaker box containing two (2) Rockford Fosgate subwoofers and five hundred dollars ($500.00) in United States currency. That the property that the defendant, JASON MICHAEL SALAS, did take and carry, with intent to steal and purloin, belonged to Forest Bailey. That the value of the property the defendant, JASON MICHAEL SALAS, did take and carry, with intent to steal and purloin, was of the value of

$1,148.00. The total value of the property stolen and purloined from Forest Bailey was of the value of $1,148.00.

c. That on or about 29 October 2006, in the District of Guam, the defendant, JASON MICHAEL SALAS, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, did intentionally damage the motor vehicle of another, namely a 2003 Chevy Cavalier. That the property that the defendant, JASON MICHAEL SALAS, did intentionally damage was owned by Robert Simmering.

d. That the defendant wrongfully used a USAA debit card belonging to Hollie Schaub and withdrew $60.00 from her account.

7. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

8. The defendant agrees to pay restitution in the amount of $1,148.00 to Forest Bailey. The defendant also agrees to pay restitution in the amount of $188.18 to Robert Simmering. The defendant also agrees to pay restitution in the amount of $60.00 to Hollie Schaub.

9. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and ~~the mandatory minimum penalty provided by law, if any, and~~ the maximum possible penalty provided by law; *LMA*

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

- 4 -

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into his plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

g. That he reads, writes and speaks the English language and has no need for an interpreter;

h. That he has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 6/29/07

JASON MICHAEL SALAS
Defendant

DATED: 6/29/07

JOHN GORMAN
Federal Public Defender

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 7/2/07    By: RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 7/2/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 5 -